UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN C. SHEPARD,

                              Plaintiff,

            -against-

BRENDA JACOBS EPPS,

                              Defendant.

24-CV-4114 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. By order dated July 16, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, and grants Plaintiff leave to file an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Stephen Shepard, who resides in New York County, filed this complaint against Brenda Jacobs Epps, a resident of Queens County. Plaintiff alleges that Defendant is "preventing me from moving to another state, Tennessee, if I kept her as a Power of Attorney."[1] (ECF 1 ¶ I.) Plaintiff further alleges that Defendant "must be taken off all my accounts bank and insurances and Power of Attorney. Also my social security and pension." (*Id.* at 5.) Attached to the complaint is part of a statement from Chase Bank indicating that Plaintiff's account with that institution is being closed, and several emails from someone named Arquelia Vega stating that she and Plaintiff want to move, and that Plaintiff owes her $250. (*Id.* at 6-9.)

## DISCUSSION

### A.    Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v.*

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Although Plaintiff invokes the Court's federal question jurisdiction, there are no facts in the complaint suggesting that Plaintiff's complaint implicates a federal claim.[2]

_____

[2] To the extent Plaintiff seeks relief **Error! Main Document Only.**under 42 U.S.C. § 1983, he must **Error! Main Document Only.**allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The power of attorney is governed by state law, *see* N.Y. Gen. Oblig. L. § 5-1511, and Plaintiff's allegations do not suggest that Defendant is a state actor or otherwise acted under color of state law.

2.     Diversity of Citizenship Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint to provide any additional facts that would show that the Court has subject matter jurisdiction of this matter.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 26, 2024
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*


                        -against-

_____

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

_____ Civ. _____ ( _____ )


**AMENDED
COMPLAINT**


Jury Trial:  ☐ Yes      ☐ No
                        (check one)

**I.**      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

*Rev. 12/2009*                    2

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur?  _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur?  _____

_____
_____

C.    Facts:  _____

_____

| What happened to you? |

_____
_____
_____
_____

| Who did what? |

_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____

| Who else saw what happened? |

_____
_____
_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____
_____
_____
_____
_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.


Signature of Plaintiff     _____

Mailing Address           _____

                          _____

                          _____

Telephone Number          _____

Fax Number *(if you have one)*   _____


<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


Signature of Plaintiff:     _____

Inmate Number               _____